UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| JOHN MILNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-cv-2782 (KBJ) |
| | ) | |
| THE UNITED STATES SUPREME COURT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

On November 28, 2018, pro se plaintiff John Milner ("Plaintiff") filed the instant complaint against the Supreme Court of the United States and Chief Justice John Roberts. (Compl., ECF No. 1.) Plaintiff alleges that he went to the Supreme Court on Friday, November 23, 2018, the day after Thanksgiving, only to find that the building was closed. (*Id.* at 1.) He claims that this closure is a "betrayal of public trust" and violates 42 U.S.C. § 1983. (*Id.*) Plaintiff requests "$2 million due to the severe impact this has on society[.]" (*Id.* at 2.)

This Court has reviewed Plaintiff's complaint and, as explained below, has determined that Plaintiff has failed to establish that this Court has subject matter jurisdiction over this matter. Accordingly, it will **DISMISS** the instant Complaint *sua sponte*. *Hurt v. U.S. Court of Appeals for D.C. Circuit Banc*, 264 F. App'x 1 (D.C. Cir. 2008) ("It was proper for the district court to analyze its own jurisdiction *sua sponte* and dismiss the case for lack of jurisdiction.") (citation omitted).

## Discussion

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2). "One of the controlling elements in the definition of a case or controversy under Article III is standing." *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587 (2007) (internal quotation marks and alteration omitted). A party has standing for purposes of Article III if his claims "spring from an 'injury in fact'—an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). Furthermore, the Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws . . . does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573–74.

A plaintiff "bears the burden of showing that he has standing" with respect to the claims that he pleads. *See Food & Water Watch, Inc. v. Vilsack*, 79 F. Supp. 3d 174, 186 (D.D.C.) (internal quotation marks and citation omitted), *aff'd*, 808 F.3d 905 (D.C. Cir. 2015)). "Significantly, a 'defect of standing is a defect in subject matter jurisdiction[,]'" *Haase v. Sessions*, 835 F.2d 902, 906 (D. C. Cir. 1987), and federal courts are barred from "consider[ing] the merits of a [claim] over which it without jurisdiction[,]" *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981); *see*

*also* Fed. R. Civ. P. 12(h)(3) (requiring courts to dismiss a complaint "any time" subject matter jurisdiction is absent); *Kretchmar v. F.B.I.*, 32 F. Supp. 3d 49, 58 (D.D.C. 2014) (dismissing claim for lack of subject matter jurisdiction where plaintiff failed to allege an injury sufficient to create Article III standing).

Here, the Plaintiff does not show that he personally suffered any injury as a result of the Supreme Court being closed the day after Thanksgiving. Rather, Plaintiff expressly states that he filed this suit because he "[doesn't] think government offices should be shut down on a non-holiday day[,]" (Compl. at 1), and because he believes that this closure had a "severe impact . . . on society[,]" (*id.* at 2). These allegations are nothing more than the kind of "generally available grievance[s] about government" that the Supreme Court has long held are insufficient to vest a plaintiff with Article III standing. *Lujan*, 504 U.S. at 573–74.

## **Conclusion**

Because Plaintiff has not established that he has personally suffered any injury as a result of the Supreme Court being closed on November 28, 2018, he has no standing to bring the instant complaint, and this Court lacks subject matter jurisdiction over this matter. Accordingly, this Court will **DISMISS** the complaint with prejudice.

A separate appropriate Order accompanies this Memorandum Opinion.

Date: December 20, 2018                         *Ketanji Brown Jackson*
                                                KETANJI BROWN JACKSON
                                                United States District Judge

3